**J Paul Breshears, Esquire**
*Breshears Law Services of Arizona PLC*
*245 N Stewart Avenue TUCSON AZ 85716*
*Work mobile: 520.820.9248*
*Work email: JPB@BLSAZPLC.MYGBIZ.COM*
*AZ State Bar No. 012442*
*Attorney for Defendant Silverio Montijo-Flores*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | **NO. CR18-2681-TUC-RM** |
| Plaintiff, | ) | |
| v. | ) | **SENTENCE MEMO, AND REQUEST FOR COURT TO APPROVE PLEA AGREEMENT** |
| Silverio Montijo-Flores, | ) | |
| Defendant. | ) | SENTENCE HEARING: 13 March 2019 at 11.45 a.m. |

Defendant Silverio Montijo-Flores, a 42-year old Mexican man, was arrested near Sonoita, Arizona on 28 November 2018 for this what will be his first felony conviction of any kind: illegal reentry after deportation. Mr Montijo-Flores is requesting that the Court approve his plea agreement and order a time served sentence of 105 days incarceration.

**Case background**

Several weeks after his arrest, on 10 January 2019, Mr Montijo-Flores pled guilty to the 8 USC s 1326 (a) felony charge described in the indictment. Mr Montijo-Flores pled guilty according to the terms of a 8-1326(a) plea offer that promises a USSG 2-level fast-track reduction in exchange for waiving his various rights to trial and appeal.

**Criminal History**

Mr Montijo-Flores has 2 misdemeanor 8-1325 illegal entry convictions where he served 30- and 90-day sentences in 2017 and 2018, respectively. Per the PSR, Mr Montijo-Flores has 3 criminal history points. Based on his USSG-calculated criminal history, his plea agreement promises him a 1-7 months range of incarceration (i.e.,

Offense Level 6, CHC 2).

He has no other contacts with law enforcement that led to his arrest for any other possible criminal offenses, based on the information available.

**Immigration History**

Recently, in 2017 and 2018, Mr Montijo-Flores was deported / removed twice from this country, following each of his two 8-1325 illegal entry convictions.

When Mr Montijo-Flores was a juvenile, approximately 24 years or more ago, it appears that he was granted multiple voluntary returns. It appears that, due in part to those juveniles contacts with immigration authorities, he is suspected of having been or now possibly being a guide or smuggler.

For what will apparently be his third deportation / removal, Mr Montijo-Flores will most likely will be informed by ICE that he may not apply to legally be in the US for either a minimum of 20 years or possibly never.

**Aware of the accusations of smuggling**

Mr Montijo-Flores denies the apparent suspicions of him being a guide or smuggler. He reports that he had to pay smuggler fees like is common of most all persons who try to cross the border from Mexico and into the US. Like many other entrants, he agreed to be obligated to pay thousands of dollars to the smugglers so that would permit him to enter the US through the Arizona desert.

It is noted that Mr Montijo-Flores is only accused of illegally re-entering this country in November 2018, quite like the other 2 occasions he crossed in February 2017 and April 2018.

It is suggested that the unsubstantiated comments of an individual he was arrested with were discounted by immigration authorities for unknown, but now unimportant reasons. It is also suggested that it is unfair to Mr Montijo-Flores for him to be accused / potentially punished because of the unfounded suspicions that apparently

didn't bear out at the time of his arrest to meet the low threshold of a finding of probable cause that he might have committed such a criminal offense.

As such, it is requested that the Court give Mr Montijo-Flores the benefit of any doubts, relying solely on his version of the events that he is not a guide or smuggler.

**Motives for coming to US**

Mr Montijo-Flores hoped to find work here in the US, so that he could better support his children, and other close family members, without the need to go back into and work in the dangerous mines of Chihuahua as a middle-age 42-year-old man. Relatively speaking, he can indeed earn a significant amount of money in the mines, but it is a dangerous occupation at best.

**Acceptance of responsibility**

Mr Montijo-Flores has accepted responsibility for breaking the criminal immigration laws of this country by his simple presence and trespass here without documents.

**Disparity issue**

Unlike many other cases in this district in very recent past, he is receiving a felony on this occasion instead of a felony. He has already spent a longer time incarcerated since his arrest than he has had to serve on his two 8-1325s. He is acutely aware that his time spent in prison is wasted and keeps him away from working, being with and generally supporting his children and other family members.

Going forward, Mr Montijo-Flores will not have the benefit of this type of argument because he is getting a felony conviction now, and he is fully informed and aware that the US government and its current executive administration intends to incarcerate persons like him to the maximum extent possible under the law.

**Conclusion**

At this stage in his life, at 42 years old, Mr Montijo-Flores understands that the

idea of living and working here is not going to happen. It is a bad situation for him because he knows he will only spend increasingly long periods of time in the prisons every time he ventures back this way. It appears that he fully realizes that it is futile to keep chasing that dream.

It is requested that the Court accept the plea agreement terms and that the applicable USSG range of 1-7 months be applied to this case.

Next, it is requested that, instead of ordering the PSR-recommended 6 months sentence based in part on unsubstantiated suspicions about his long-ago juvenile years and his recent re-entry, Mr Montijo-Flores be granted a time served 105 days sentence for this his *first felony offense*.

Finally, it is asserted that, in this felony trespass case and in consideration of Mr Montijo-Flores' unique personal circumstances, a time served sentence is appropriate and will adequately promote proper respect for this country's criminal and immigration laws and meet all requirements of the plea agreement and the relevant USSGs and sentencing statutes.

Submitted this 6th day of March 2019.

By: */s/ J Paul Breshears*
J Paul Breshears
Attorney for Defendant

**Original** filed electronically via ECF on the above-noted submission date with The Clerk of Federal District Court, Evo A. DeConcini U.S. Courthouse, Tucson, Arizona

**Copy** served electronically via ECF on the above-noted submission date to: (1) Hon. Rosemary Marquez, USDC-Tucson Judge; and (2) Mr Josh AC Ackerman, AUSA