ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona
JOSH A.C. ACKERMAN
Assistant U.S. Attorney
State Bar No. 020088
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Josh.Ackerman@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States America, | No. CR 18-2681-TUC-RM |
|---|---|
| Plaintiff, | |
| vs. | UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM |
| Silverio Montijo-Flores, | |
| Defendant. | |

Now comes the United States of America, by and through its attorneys undersigned, and files this Sentencing Memorandum in connection with this matter. The United States advises the Court that it does not object to the Probation Department's scoring in the Report (hereinafter "PSR"). The Government requests that the Court adopt the scoring and requests a sentence within the terms of the Plea Agreement. The Government believes that a sentence within the terms of the Plea Agreement will meet the objectives of 18 U.S.C. § 3553. The Government concurs in the recommendation of the Probation Department of a sentence of six (6) months. Specifically, but not exclusively, the Government submits to the Court that such a sentence would appropriately account for the nature and circumstances of the offense and the history and characteristics of the defendant and would provide adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(1) and (a)(2)(B).

   I.   *The Defendant Underplays His Immigration and Criminal History*

The Defendant asserts in his Sentence Memo, and Request For Court to Approve

Plea Agreement, that "[h]e has no other contacts with law enforcement that led to his arrest for any other possible criminal offenses, based on the information available." (Doc. 17, p.2). This, at best, understates the Defendant's history and characteristics.

The information – which is available in the PSR – is that "[r]ecords indicated that Montijo-Flores had been apprehended 16 times previously as a foot guide." PSR, ¶ 7. Leaving aside the issue of the Defendant's alleged previous activity as a foot guide, the PSR notes that the Defendant "has been **removed from the United States to Mexico on four occasions**: December 23, 2013; February 1, 2017; April 12, 2018; and July 11, 2018.[1] Additionally, **the defendant was granted a voluntary removal on 12 unknown occasions**." *Id.*, 32 (*emphasis added*). That constitutes 16 removals, either formal or voluntary, for the Defendant. While the Government forbore prosecution on the 12 voluntary removals, each constituted an arrest on a possible criminal offense, specifically Entry Without Inspection, in violation of 8 U.S.C. § 1325.

The Government urges the Court in imposing a sentence, to follow the statutory mandate of 18 U.S.C. 3553(a)(1) that Court "shall consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant[.]" The Defendant in this case has four removals, 12 voluntary removals and received two misdemeanor convictions. Both misdemeanors were the result of a plea agreement in exchange for dismissal of felony charges. The Defendant has absolutely no basis to assert that he was ignorant of the potential consequences of yet again returning to the United States without permission.

*II. The 105 days "time served" Requested By the Defendant Does Not Adequately Reflect the Goals of Sentencing*

The Government would urge the Court, as it considers the statutory sentencing factors, to note that the Defendant, although he is 42 years old, continually returns from

---

[1] The Government would note that the Defendant, according to the unobjected-to PSR, "never resided in the United States." PSR, ¶ 36. This fact, along with his constant returns to the United States is certainly consistent with a foot guide, not a simple immigrant.

Mexico to the United States illegally.  The Court has ample reason to cast a jaundiced eye upon his self-serving claim that he "intends to relocate to Chihuahua, Mexico, and secure work in the mines." PSR, ¶ 37.  There is nothing in the Defendant's incessant re-entryism to lead the Court to credit that assertion as anything of value.

His most recent arrest prior to the incident at bar, was on July 11, 2018. PSR, ¶ 32. That removal followed his release from a 90 day prison sentence for one of the aforementioned Entry Without Inspection convictions.  PSR, ¶¶ 26, 32.  That conviction was for an arrest on April 11, 2018.  PSR, ¶ 26.  That 90 day sentence followed a 30 day sentence for the same crime in 2017.  That was a 60 day increase over his previous sentence.

The Defendant's request in this felony case amounts to a mere 15 day increase over his most recent misdemeanor sentence.  In light of his near-constant re-entries into the United States that is not an appropriate sentence.  It does not enhance deterrence, reflect adequately his conduct, nor does it promote respect for the law.  It isn't even consistent with the pattern of sentencing the Defendant has received in his own previous cases.

The six months recommended in the PSR is consistent with the goals of sentencing and the situation of this specific serial recidivist Defendant.

Regardless of whether or not the Court agrees with the Government's recommendation, the Government requests that the Court not depart or vary below the range agreed in the Plea Agreement by the parties.

Respectfully submitted this 8th day of March, 2019.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

*s/Josh A.C. Ackerman*

JOSH A.C. ACKERMAN
Assistant U.S. Attorney

///

| 1 | Copy of the foregoing served electronically or by other means this 8th day of March, 2019, to: |
| 2 | |
| 3 | J. Paul Breshears, Esq.<br>Counsel for the Defendant |